# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

FILED
FEB 01 2007
Clerk, U.S. Dist. Court
By 92 Deputy

UNITED STATES OF AMERICA
v.

**SHARON LATRICE JONES (1)**
**PATRICK JONES (2)**

**CRIMINAL COMPLAINT**

CASE NUMBER: W07-20M

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about **January 31, 2007,** in **Bell** County, in the Western District of Texas defendant(s) **aided and abetted by each other did possess with intent to distribute a controlled substance, which offense involved at least five (5) grams of a mixture or substance containing cocaine base, also known as "crack" cocaine, a Schedule II Narcotic Drug Controlled Substance,** in violation of Title **21,** United States Code, Section(s) **841(a)(1)** and Title **18,** United States Code, Section **2** .

I further state that I am a(n) **Narcotics Investigator, Temple Police Department, Special Investigations Unit**, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

continued on the attached sheet and made a part hereof: YES

JAMES RANKIN, Officer
Temple Police Department
Special Investigations Unit

Sworn to before me and subscribed in my presence,

February 1, 2007 at Waco, Texas
Date — City and State

Walter S. Smith, Jr., Chief U.S. District Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

Your Affiant, JAMES RANKIN, has been a Temple Police Officer employed by the City of Temple for 7 years and is currently assigned to the Temple Narcotics Unit with a combined career in drug enforcement for a period of approximately three (3) years. During this time period I have been involved in investigations of individuals who have been involved in the illegal distribution and selling of Crack Cocaine and other controlled substances. I have had extensive experience in investigating these individuals that derive substantial income from their trafficking activities. I also have extensive experience in the execution of search warrants, debriefing of informants and witnesses. I have been involved in many investigations over my career which have resulted in the seizure of Crack Cocaine and other controlled substances, seizures of assets and the proceeds of drug crimes and the ultimate prosecution of individuals, which have resulted in long term state and/or federal prison sentences.

On January 31, 2007, at about 2:18 P.M., Ofc Jim Rankin went to a residence located in the C & C II Apartments in Temple, Texas, in an attempt to locate a wanted female subject. This location is within the Waco Division of the Western District of Texas.

Upon arrival, Ofc. Rankin knocked on the door of the apartment that he was looking for and a female, who was later identified as, **Sharon Latrice Jones (Jackson)** answered. Ofc. Rankin explained to her that he was there looking for a person he had a warrant for and showed her a picture of the suspect. She told Rankin that the suspect was not there.

Ofc Rankin observed another female, later identified as Michelle Tiffany Ellison, sitting in a chair in the apartment and asked Jones if there was anyone else in the apartment and she said no. Ofc Rankin asked her if he could come in and check for the suspect and she told him yes.

Ofc Rankin entered the apartment and **Sharon Jones** reached down and threw something under the end table at the end of the couch. Ofc Rankin asked her what she threw and she said she was moving her purse. Ofc Rankin could see a push rod, which is a tool used for pushing the Brillo out of a crack pipe, in plain view on the coffee table. Ofc Rankin asked **Sharon Jones** again if there was anyone else in the apartment and this time she said yes, my husband and sister. Ofc Rankin asked them to come into the living room and sit down.

Ofc Rankin contacted dispatch and asked for another unit for stand-by. While Ofc Rankin was waiting for another unit, he identified the following subjects in the residence, **Patrick Jones,** Amanda Nicole Johnson who is Sharon Jones' sister and Tiffany Ellison. Ofc. Cotton arrived as a back-up unit.

Ofc Rankin asked **Patrick Jones** and **Sharon Jones** if there were any drugs in the apartment. **Sharon Jones** then said, "Ok I'll show you what I threw under the table and reached under the table and grabbed a Dr. Pepper can, which she then handed to Rankin. The can had been converted into a pipe by punching holes in the can. The can had been used to smoke something. There was burnt residue on the can.

Ofc. Rankin asked her again if there were any drugs in the residence and she said no. Ofc Rankin asked her if he could search the residence and she said "go ahead". Ofc Rankin saw three wash cloths on the end table and picked one up and inside was a used crack cocaine pipe. Rankin located two more used pipes in the other two wash cloths as well. **Sharon Jones** told Ofc. Rankin that there was nothing else in the apartment. Ofc. Rankin observed a purse in front of the end table and asked who the purse belonged to. Amanda Johnson said it was hers and gave Rankin consent to search her purse. While Ofc. Rankin was looking in that purse, **Sharon Jones** told Amanda to hand her her purse from the other end table. Amanda handed her the purse and **Sharon Jones** immediately reached inside and zipped a side pocket inside the purse. Ofc. Rankin told her to wait and she handed Rankin the purse Ofc Rankin looked inside the purse and noticed a clear baggy with a white rock inside. Rankin then unzipped the pocket that **Sharon Jones** had zipped and located another clear baggy containing 12 large yellowish rock like objects he believed to be crack cocaine. **Sharon Jones** then told Rankin that there was no more dope in the residence and that she would flush the stuff he found down the toilet.

Ofc. Rankin advised everyone in the residence of their legal rights and then asked **Sharon Jones** and **Patrick Jones** if he could search the rest of the apartment. **Sharon Jones** and **Patrick Jones** both gave Rankin consent to search the residence. Sharon Jones signed a consent to search form.

Dispatch contacted Rankin and advised him that **Patrick Jones** had a parole violation warrant. Ofc. Rankin placed Patrick Jones in handcuffs and detained him for the warrant.

Ofc Rankin called Sgt Clark, the supervisor of the Special Investigations Unit (SIU) and advised him of what he had. Sgt Clark, Ofc. Hess, Ofc. Mueller and Ofc. Stickles arrived to assist Rankin in searching the residence.

Tiffany Ellison and Amanda Johnson were released.

During the search of the residence, officers located suspected crack cocaine in several different locations. Officers also located powder cocaine, a mixture of pills and drug paraphernalia.

Ofc. Rankin located a clear baggy containing 12 crack cocaine rocks which was later weighed at about 5.6 grams and a clear baggy containing 1 crack cocaine rock that was later weighed at about .2 grams inside Sharon Jones purse. Ofc Rankin also located a matchbox, containing a partial crack cocaine cookie on a table in the kitchen in plain view that was later weighed at about 2.3 grams. Ofc Stickles located in the only bedroom, in the closet two (2) partial crack cocaine cookies that later weighed 7.5 grams each. Stickles also located a Newport cigarette box in a baggy that contained a clear baggy with white powder cocaine in the same closet that was later weighed at about 7.3 grams and a separate clear baggy with a white powdery substance that weighed 14.1 grams with the baggy. Officers also seized pills and drug paraphernalia.

In total, Ofc Rankin seized approximately 23.1 grams of crack cocaine and approximately 21.4 grams of powder cocaine.

Both Sharon and Patrick Jones are on the lease to the apartment and both gave Ofc. Rankin consent to search. Sharon Jones then signed the written consent to search before the officers began the search of the entire apartment.

The crack cocaine was field tested with a Scott Reagent field test kit for cocaine, and the substances field tested positive for the presence of cocaine. In the training and experience of Ofc. Rankin, the "crack" cocaine found is an amount for distribution, not for personal use.

Ofc James Rankin
Temple Police Department,
Special Investigations Unit

SUBSCRIBED AND SWORN TO BEFORE ME this the 1st day of February, 2007.

WALTER S. SMITH, JR., Chief
UNITED STATES DISTRICT JUDGE